**FILED**

**NOVEMBER 29, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA CLARK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| UNITED STATES | ) | **07 C 6694** |
| CELLULAR CORP., | ) | |
| d/b/a U.S. CELLULAR, | ) | **Jury Trial Demand** |
| | ) | |
| | ) | **JUDGE NORDBERG** |
| **Defendant.** | ) | **MAGISTRATE JUDGE ASHMAN** |

### COMPLAINT

NOW COMES the Plaintiff, CYNTHIA CLARK (hereinafter "Plaintiff" and/or "Clark"), by and through her undersigned Counsel, and upon knowledge and belief as to all allegations of which she so possesses and upon information and belief as to all other allegations, complains of the Defendant, UNITES STATES CELLULAR CORP., d/b/a U.S. CELLULAR (hereinafter "Defendant" and/or "U.S. Cellular") as follows:

### NATURE OF THE CASE

Plaintiff, Cynthia Clark, brings this Five (5) Count Complaint against Defendant U.S. Cellular seeking damages for Defendant's egregious race discrimination, harassment, unlawful termination, and related illegal conduct constituting violations of Title VII of the Civil Rights Act of 1964 §701 *et. seq*., as amended, 42 U.S.C.A. §2000 *et. seq.* ("Title VII"), violations of The Civil Rights Act of 1866, 42 U.S.C. §1981, and Intentional Infliction of Emotional Distress.

1.  Plaintiff Clark is the victim of Defendant's shocking and egregious racism and racial discrimination perpetrated against and directed toward her.

1

2.    Plaintiff Clark was an outstanding employee of Defendant that made substantial contributions to Defendant's operations, and during all relevant times performed her job responsibilities in a manner that met or exceeded Defendant's legitimate business expectations.

3.    Plaintiff Clark was subjected to continuous, egregious, and shocking discrimination on the basis of her race (Black) and color (dark), and she was terminated on the basis of her race and color and in retaliation for her reports/complaints about illegal and unlawful activity and discrimination perpetrated against her. There was no legitimate non-discriminatory basis for her termination.

4.    Plaintiff Clark has suffered extreme emotional distress, lost wages, lost benefits, and other significant damages as a direct and proximate result of the Defendant's illegal conduct as alleged herein.

## JURISDICTION AND VENUE

5.    The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, 1343(3) and (4), 1658 and 2201 and 2202. This is a suit authorized and instituted pursuant to the Act of Congress known as "The Civil Rights Act of 1964," 42 U.S.C. § 2000 *et seq.*, as amended by the "Civil Rights Act of 1991," and the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a). Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367(a).

6.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c). Defendant resides and does business in the Eastern District of Illinois and the Plaintiff is a resident of the Eastern District of Illinois. U.S. Cellular is subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. All or a substantial part of the events giving rise to the claim occurred within this judicial district.

2

## PARTIES

a.     **Plaintiff:**

7.     Plaintiff Cynthia Clark is a resident of the City of Aurora, the County of Kendall, and the State of Illinois.  Plaintiff Clark is a member of a racial minority.  Plaintiff Clark is Black.

8.     Plaintiff Clark was employed by U.S. Cellular from approximately October 10, 2005 through the date of her illegal termination on January 3, 2007.

b.     **Defendant:**

9.     Defendant U.S. Cellular is a Delaware Corporation with the State of Illinois as its principal place of business, and does substantial business in the State of Illinois.  Defendant operates numerous retail stores throughout Illinois, and provides cellular telephone service to Illinois residents.

10.     Defendant U.S. Cellular is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.*

## PROCEDURAL REQUIREMENTS

11.     Plaintiff Clark fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

12.     Plaintiff Clark filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on February 13, 2007, alleging violations of Title VII.  *See February 13, 2007, Charge of Discrimination attached hereto as "Exhibit A."*

13.     The commission issued a "Notice of Right to Sue (Issued on Request)" dated August 31, 2007. *See August 31, 2007 Notice of Right to Sue, attached hereto as "Exhibit B."*

14.     Plaintiff Clark has timely filed this lawsuit within ninety (90) days from the date of the August 31, 2007 Notice of Right to Sue. *See Exhibit" B. "*

## COMMON ALLEGATIONS

15.     During all relevant times herein, Defendant U.S. Cellular was and is an employer as defined by Title VII.

16.     During all relevant times herein, Plaintiff Clark was an employee of Defendant as defined by Title VII.

17.     Plaintiff held the position of a Supervisor with U.S. Cellular.

18.     Plaintiff excelled in her position and was an outstanding Supervisor that met and/or exceeded U.S. Cellular's legitimate business expectations.

19.     Shortly after she began her employment, Plaintiff Clark began noticing a pattern and practice of discrimination based on race and color perpetrated against her.

20.     Defendant engaged in a pattern and practice of racial and color discrimination against Plaintiff.  Defendant intended to discriminate against and harass Plaintiff on the basis of her race (Black) and color (dark), and the discrimination concerned the terms, conditions and responsibilities of Plaintiff's employment with Defendant.

21.     The ongoing race and color discrimination, harassment, retaliation, and hostile work environment were so severe and pervasive that it both objectively and subjectively interfered with Plaintiff's ability to perform her job duties.

22.     Defendant's discrimination, harassment, retaliation, and hostile work environment based upon race and color, included, but was not limited to, the following:

    a.      In October of 2005 U.S. Cellular employee and Plaintiff's direct
            supervisor Brigitte Fink ordered Plaintiff to allow several white employees

4

of Defendant to violate Defendant's overtime policy while not allowing the same for any black employees of Defendant;

b.    In December of 2005 U.S. Cellular employee and Plaintiff's direct supervisor Brigitte Fink held a meeting for Defendant employees to ask them if they liked Plaintiff as supervisor, while not holding a meeting for the similarly situated White supervisor;

c.    In December of 2005 U.S. Cellular employee and Plaintiff's direct supervisor Brigitte Fink put Plaintiff on a "performance plan," meaning she would be unable to receive any raises, bonuses, or promotions until the "performance plan" was removed. Defendant employee and Plaintiff's direct supervisor Brigitte Fink did not do the same for the similarly situated White supervisor;

d.    U.S. Cellular employee and Plaintiff's direct supervisor Brigitte Fink denied Plaintiff a raise or bonus after 2005, while giving a raise and bonus to the similarly situated White supervisor;

e.    U.S. Cellular employee and Plaintiff's direct supervisor Brigitte Fink allowed similarly situated White supervisors to travel to company-sponsored Agent meetings but would not allow Plaintiff to travel to company-sponsored Agent meetings;

f.    In March of 2006 Plaintiff and another supervisor hired three black employees for Defendant, Defendant employee and Plaintiff's direct supervisor Brigitte Fink then told Plaintiff she would take over the hiring because Plaintiff was forming "cliques;"

g.    In July of 2006, Plaintiff was disciplined for the error of a similarly situated White supervisor's employee's mistake, while that similarly situated White supervisor was not;

h.    In August of 2006 U.S. Cellular employee and Plaintiff's direct supervisor Brigitte Fink cancelled her employment evaluation of Plaintiff but did not cancel the employment evaluation of the similarly situated White supervisor;

i.    In November of 2006 one of Plaintiff's employees reported the discrimination against Plaintiff to Defendant employee and Plaintiff's direct supervisor Brigitte Fink's direct supervisor, George Irving. When notified of this, Defendant employee and Plaintiff's direct supervisor Brigitte Fink then told Plaintiff she "would get her" for the report;

j.    In November of 2006 Plaintiff was disciplined for not doing the work assigned to a similarly situated White supervisor;

k.    Defendant failed to train, advance, or provide promotional opportunities to Plaintiff, but did offer said training, advancement, and promotional opportunities to non-Black/light colored employees;

l.    Defendant used discriminatory and biased selection criteria that adversely impacted Plaintiff, Black, and/or dark-colored employees;

m.    Defendant held Plaintiff, Black, and/or dark-colored employees, to a higher performance standard than non-Black and light colored employees;

n.    Defendant terminated Plaintiff because of her race and color; and

o.    Defendant otherwise treated Plaintiff, and other Black and/or dark-colored employees less favorably in the terms, conditions, privileges, and responsibilities of their employment, as compared to white and light colored employees.

23.    Plaintiff repeatedly reported and complained about the racial discrimination and harassment perpetrated against herself to her supervisors, managers, and upper management at U.S. Cellular.

24.    The Plaintiff's supervisors, managers and upper management refused to take any action to investigate, remediate, stop, abate, or otherwise address Plaintiff's complaints and/or the ongoing race and color discrimination and harassment perpetrated against Plaintiff.

25.    Defendant ignored, allowed and condoned the egregious harassment discrimination suffered by the Plaintiff, and actually retaliated against Plaintiff for complaining about the conduct.

26.    On or about January 3, 2007, Plaintiff was terminated by Defendant because of her race and color, and because she reported, complained and opposed race and color discrimination perpetrated against her.

27.    There was no legitimate non-discriminatory basis for Plaintiff's termination by U.S. Cellular.

28.    Plaintiff suffered severe damages as a direct and proximate result of Defendant's illegal conduct, as alleged herein.

29.    Plaintiff Clark was a dedicated, hardworking employee that contributed to U.S. Cellular in a substantial and meaningful manner. On and before the date of her termination, Plaintiff was performing all of her job responsibilities in a manner that met or exceeded U.S.

7

Cellular's legitimate business expectations.

30.    U.S. Cellular's unlawful and discriminatory actions, including termination, were intentional, malicious, and knowing.   The discriminatory conduct, as alleged herein, was engaged in, instigated by, encouraged by, ratified by, and condoned by U.S. Cellular with the intent to violate applicable state and federal laws.

31.    Harassment and discrimination as alleged was illegal and stemmed from a racial animus.

32.    U.S. Cellular's unlawful, illegal and discriminatory actions as alleged herein have caused Plaintiff Clark great emotional anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

33.    All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable state and/or federal law.

## <u>COUNT I</u>

### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)

34.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

35.    Plaintiff was an employee of the Defendant, U.S. Cellular.

36.    Plaintiff Clark is a member of a racial minority.  Plaintiff Clark is Black.

37.    The Plaintiff always performed her duties to the legitimate expectations of her employer.

38.    Plaintiff has suffered adverse job actions.

39.    Defendant, U.S. Cellular, treated similarly situated white/light-colored employees more favorably than the Plaintiff was treated, as alleged herein.  Defendant intended to, knowingly engaged in, condoned and/or ratified severe race and color discrimination, harassment, retaliation and hostile work environment, as alleged herein.

40.    The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her race and color, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*

41.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her race and color.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

42.    Plaintiff reported the discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

43.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on race and color, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

44.    Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of

Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

45.    The discriminatory actions by Defendant, through its management, agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

46.    Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

47.    The actions of Defendant in intentionally engaging in and condoning discrimination based on race and color, harassment, hostile work environment and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damage.

48.    There is a causal connection between the Plaintiff's race and/or color and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, U.S. Cellular.

## COUNT II

### (HOSTILE WORK ENVIRONMENT VIOLATION OF TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)

49.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

50.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race and color in violation of Title VII.

51.    The actions of Defendant as perpetrated by its agents and as described and

complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise causing a hostile work environment for Plaintiff because of her race and color, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), *et seq.*

52.    At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against, harassing, retaliating against and permitting a hostile work environment for Plaintiff based on her race and color.  Defendant had a duty under Title VII to prevent the ongoing hostile work environment.

53.    Plaintiff reported the race and color discrimination, unequal treatment, harassment, and hostile work environment on numerous occasions to management and supervisory employees of Defendant.

54.    Despite knowledge of the severe and pervasive hostile work environment, discrimination and harassment based on race and color, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination, harassment, hostile work environment, or retaliation.

55.    Almost daily, Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

56.    The hostile work environment to which the Plaintiff was subjected was so severe and pervasive that it unreasonably interfered with her work performance.

57.    The discriminatory actions by Defendant, through its management agents and

11

employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

58.     Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

59.     The actions of Defendant in intentionally engaging in and condoning the hostile work environment, discrimination, harassment, and retaliation against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

60.     There is a causal connection between the Plaintiff's race and/or color, and the dissimilar treatment suffered by Plaintiff at the hands of the Defendant, U.S. Cellular.

## COUNT III

### (RETALIATION AND UNLAWFUL DISCHARGE IN RETALIATION FOR EXERCISE OF RIGHTS UNDER TITLE VII CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.)

61.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

62.     Plaintiff complained about, reported, and protested against Defendant's unlawful employment practices under Title VII, as alleged herein.

63.     The Plaintiff complained of ongoing and repeated discrimination based on race and color perpetrated against her, a hostile work environment, and unequal and adverse treatment of her based on race (Black) and color (dark).

64.     On January 3, 2007, in retaliation for Plaintiff's complaints, reports, and protests

of unlawful discrimination, harassment, retaliation, and hostile work environment, Defendant unlawfully terminated Plaintiff from her employment.

65.     There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's discharge from Defendant.

66.     At all relevant times herein, Plaintiff was performing all of her job duties in a manner that met or exceeded Defendant's legitimate business expectations.

67.     The discriminatory actions by Defendant, through its management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

68.     Defendant, by and through its agents, discharged Plaintiff when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

69.     The actions of Defendant in discharging Plaintiff caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

## COUNT IV

### (DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981)

70.     Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

71.     Defendant has discriminated against the Plaintiff with regard to a hostile work environment, discrimination, harassment, retaliation, and other adverse, unequal and unfavorable terms and conditions of employment because of her race and color in violation of the Civil

Rights Act of 1866, 42 U.S.C. § 1981 and 1981(a).

72.    Defendant's conduct has been intentional, deliberate, willful and conducted with disregard of the rights of the Plaintiff.

73.    By reason of Defendant's discriminating, harassing and retaliatory employment practices based upon race and color, Plaintiff has experienced extreme harm, including loss of compensation, wages, back and front pay, damages and other employment benefits, and as such, are entitled to all legal and equitable remedies available under the Civil Rights Act of 1866.

## COUNT V

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

74.    Plaintiff realleges and incorporates by reference all preceding paragraphs, as if fully set forth herein.

75.    Plaintiff was an employee of the Defendant.

76.    Plaintiff fulfilled her job duties with skill and expertise.

77.    Defendant's severe and outrageous acts, including allowing subversion of Plaintiff's authority by white and/or light colored employees, overly harsh and unequally applied discipline, disparate benefits and bonuses in favor of white and/or light colored employees, insults, racial comments and degradations, hostile environment and retaliatory environment, were actions that amounted to extreme and outrageous conduct.

78.    Defendant's acts were perpetrated with the intent to cause the Plaintiff severe emotional distress.

79.    Defendant's acts were perpetrated with such recklessness as to cause the Plaintiff severe emotional distress.

80.    The Plaintiff did, in fact, experience extreme emotional distress.

14

81.     By the extreme emotional distress the Plaintiff was thereby damaged.

82.     The Defendant's acts, actions and inaction directly and proximately caused the Plaintiff's severe emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i.      Acceptance of jurisdiction of this cause;

ii.     A declaratory judgment that the employment practices challenged herein are illegal and violative of the rights secured to Plaintiff;

iii.    An Order requiring the Defendant to initiate and implement programs that: (i) provide equal employment opportunities and a non-hostile work environment for Black and/or dark-colored employees; (ii) remedy the effects of the Defendant's past and present unlawful employment practices; and (iii) eliminate the continuing effects of the discriminatory practices described herein above;

iv.     Damages sufficient to compensate Plaintiff for her injuries;

v.      Reinstatement or Front Pay;

vi.     Back Pay, inclusive of lost wages and any benefits;

vii.    Lost Future Earnings;

viii.   Pre-judgment and post-judgment interest;

ix.     Punitive damages;

x.      Reasonable attorney's fees pursuant of 42 U.S.C. 1988 and other statutory provisions;

xi.     An award of litigation costs and expenses;

xii.    Any and all other relief that this Honorable Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Dated: <u>November 29, 2007</u>                    Respectfully submitted,


                                            <u>  /s/   Robert M. Foote  </u>
                                            Robert M. Foote, Esq. (#03124325)
                                            Stephen W. Fung, Esq. (#06289522)
                                            FOOTE, MEYERS, MIELKE & FLOWERS, LLC
                                            28 N. First St.
                                            Suite 2
                                            Geneva, Illinois 60134
                                            Telephone: (630) 232-6333
                                            Facsimile:  (630) 845-8982

                                            Kathleen C. Chavez (#6255735)
                                            CHAVEZ LAW FIRM, P.C.
                                            28 N. First Street
                                            Suite 2
                                            Geneva, Illinois 60134
                                            Telephone: (630) 232-4480
                                            Facsimile:  (630) 845-8982

                                            Peter L. Currie, Esq. (#06281711)
                                            THE LAW FIRM OF PETER L. CURRIE, P.C.
                                            536 Wing Lane
                                            Saint Charles, Illinois 60174
                                            Telephone: (630) 862-1130
                                            Facsimile:  (630) 845-8982

                                            *Attorneys for Plaintiff*