**07 C 6694**

**JUDGE NORDBERG**
**MAGISTRATE JUDGE ASHMAN**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] FEPA [X] EEOC | 440-2007-03100 |

Illinois Department of Human Rights                    and EEOC
*State or local Agency, if any*

**NAME:** Ms. Cynthia Clark
**HOME TELEPHONE:** (630) 851-2611
**STREET ADDRESS:** 1988 Ione Lane
**CITY, STATE AND ZIP CODE:** Aurora, IL 60503
**DATE OF BIRTH:** 10/12/1956

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME

**NAME:** U.S. Cellular
**NUMBER OF EMPLOYEES/MEMBERS:** 15+
**TELEPHONE:** (773) 399-4147
**STREET ADDRESS:** 8410 W. Bryn Mawr
**CITY, STATE AND ZIP CODE:** Chicago, IL 60631-3415

**CAUSE OF DISCRIMINATION BASED ON:**
[X] RACE  [X] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER

**DATE DISCRIMINATION TOOK PLACE:**
EARLIEST / LATEST: January 3, 2007
[ ] CONTINUING ACTION

**THE PARTICULARS ARE:**

(SEE ATTACHMENTS)

RECEIVED EEOC
FEB 1 3 2007
CHICAGO DISTRICT OFFICE

**SIGNATURE OF COMPLAINANT:** Cynthia Clark    **DATE:** 1/26/2007

# ADDENDUM TO CHARGE OF DISCRIMINATION
## Cynthia Clark v. U.S. Cellular
### Page 1 of 5

I. Complainant was discriminated against/harassed/retaliated against/subjected to a hostile work environment by Respondent on the basis of her race (Black) and color (Dark), in violation of Title VII of the Civil Rights Act of 1964, §701 *et seq.*, as amended, 42 U.S.C. §2000 *et seq.*, and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* and/or in violation of 42 U.S.C. §1981, 1981a, and/or 1981a(a)(1) *et seq*. The harassment and discrimination on the basis of her race and color occurred on an ongoing and continuous basis through the date of her unlawful termination on January 3, 2007.

   A. Complainant was an employee of Respondent from October 10, 2005 through January 3, 2007.

   B. Complainant was employed in the position of Supervisor.

   C. Complainant is a black female.

   D. Complainant has dark hair, skin, and eye color.

   E. Complainant is a highly qualified, competent, and dedicated employee that was discriminated against on the basis of her race (black) and the dark color of her hair, eyes, and skin.

   F. Respondent intended to discriminate against Complainant on the basis of her race (Black) and color (dark), and permitted, ratified, encouraged, allowed, and otherwise created a severe and pervasive, unwelcome, offensive, and discriminatory working environment.

   G. The unwelcome discrimination and harassment affecting and concerned the terms, conditions, and responsibilities of Complainant's employment with Respondent.

   H. Said discrimination, harassment, and hostile work environment was so severe and pervasive that it had the effect of unreasonably interfering with Complainant's work performance and creating an intimidating, hostile, and/or offensive working environment.

   I. Respondent treated Complainant differently than white and light colored employees in the terms, privileges, benefits, responsibilities, and conditions of their employment. The discriminatory, retaliatory, and harassing conduct included, however was not limited to, the following:

   1. In October of 2005 Respondent employee and Complainant's direct supervisor Brigitte Fink ordered Complainant to allow several white employees of Respondent to violate Respondent's overtime policy while not allowing the same for any black employees of Respondent;

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Cynthia Clark v. U.S. Cellular*
Page 2 of 5

2. In December of 2005 Respondent employee and Complainant's direct supervisor Brigitte Fink held a meeting for Respondent employees to ask them if they liked Complainant as supervisor, while not holding a meeting for the similarly situated White supervisor;

3. In December of 2005 Respondent employee and Complainant's direct supervisor Brigitte Fink put Complainant on a "performance plan," meaning she would be unable to receive any raises, bonuses, or promotions until the "performance plan" was removed. Respondent employee and Complainant's direct supervisor Brigitte Fink did not do the same for the similarly situated White supervisor;

4. Respondent employee and Complainant's direct supervisor Brigitte Fink denied Complainant a raise or bonus after 2005, while giving a raise and bonus to the similarly situated White supervisor;

5. Respondent employee and Complainant's direct supervisor Brigitte Fink allowed similarly situated White supervisors to travel to meetings but would not allow Complainant to travel to meetings;

6. In March of 2006 Complainant and another supervisor hired three black employees for Respondent, Respondent employee and Complainant's direct supervisor Brigitte Fink then told Complainant she would take over the hiring because Complainant was forming "cliques;"

7. In July of 2006, Complainant was disciplined for the error of a similarly situated White supervisor's employee's mistake, while that similarly situated White supervisor was not;

8. In August of 2006 Respondent employee and Complainant's direct supervisor Brigitte Fink cancelled her employment evaluation of Complainant but did not cancel the employment evaluation of the similarly situated White supervisor;

9. In November of 2006 one of Complainant's employees reported the discrimination against Complainant to Respondent employee and Complainant's direct supervisor Brigitte Fink's direct supervisor, George Irving. When notified of this, Respondent employee and Complainant's direct supervisor Brigitte Fink then told Complainant she "would get her" for the report;

10. In November of 2006 Complainant was disciplined for not doing the work assigned to a similarly situated White supervisor;

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Cynthia Clark v. U.S. Cellular*
Page 3 of 5

11. In July of 2006, Complainant was disciplined for the error of a similarly situated White supervisor's employee's mistake, while that similarly situated White supervisor was not;

12. Respondent failed to train, advance, or provide promotional opportunities to Complainant, but did offer said training, advancement, and promotional opportunities to non-Black/light colored employees;

13. Respondent used discriminatory and biased selection criteria that adversely impacted Complainant, Black, and dark colored employees;

14. Respondent held Complainant, Black, and dark colored employees, to a higher performance standard than non-Black and light colored employees;

15. Respondent terminated Complainant because of her race and color; and

16. Respondent otherwise treated Complainant, Black, and other dark colored employees less favorably in the terms, conditions, privileges, and responsibilities of their employment, as compared to white and light colored employees.

J. At all times relevant herein, Complainant was performing all of her job duties/responsibilities in an outstanding manner and there was no legitimate non-discriminatory reason for Respondent's termination of Complainant. Complainant was a dedicated, hardworking, and loyal employee that contributed to Respondent's business in a substantial and meaningful manner.

K. Complainant reported the discrimination repeatedly to Respondent. Respondent were fully advised of the severity of the ongoing race and color discrimination, harassment, and hostile work environment. The reports included, but were not limited to, the following:

1. In December of 2005 Complainant emailed Respondent Vice President George Irving and notified him that Respondent employee and Complainant's direct supervisor Brigitte Fink was acting in a discriminatory manner;

2. In December of 2006, Complainant emailed Respondent employee Mary O'Malley and notified her that Respondent employee and Complainant's direct supervisor Brigitte Fink told Complainant she would "get her back" for the report of discrimination made by one of Complainant's employees;

L. Despite knowledge of the ongoing, severe, and pervasive discrimination, harassment and hostile work environment (on the basis of Black race and dark color, as alleged herein), Respondent took no action to investigate, stop, mitigate, prevent, address, or otherwise remediate the harassment and discrimination.

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Cynthia Clark v. U.S. Cellular*
Page 4 of 5

Respondent intended to allow, ratify, and/or engage in the illegal and offensive conduct alleged herein.

M. There is no legitimate non-discriminatory/non-retaliatory basis terminating, harassing, and/or discriminating against Complainant. Complainant is highly qualified (has an undergraduate and graduate degree), has always performed all of her job responsibilities in a manner which met or exceeded Respondent's legitimate business expectations.

N. There is no legitimate non-discriminatory /non-retaliatory basis for the shocking, offensive, severe, and pervasive discrimination, harassment, and hostile work environment alleged herein.

O. Respondent's actions were knowing, intentional, and malicious. The discriminatory and harassing conduct, as alleged herein, is engaged in, instigated by, encouraged by, ratified by, and condoned by Respondent. Respondent knew and intended that its conduct violate applicable federal and state laws.

P. Complainant has suffered severe injury and damage as a direct and proximate result of Respondent's discrimination, harassment, and hostile work environment.

II. **Respondent unlawfully retaliated against and terminated Complainant for reporting and opposing race and color discrimination that violated Title VII Civil Rights Act of 1964, §701 *et. seq.*, as amended, 42 U.S.C.A. §2000 *et.seq.* and/or the Illinois Human Rights Act, 775 ILCS 5/2-101 *et. seq.*, and/or 42 U.S.C. §1981, 1981a, or 1981a(a)(1).**

A. Complainant was an employment of Respondent from October of 2005 through the date of her unlawful and discriminatory termination on January 3, 2007.

B. Throughout the course of her employment, Complainant was subjected to ongoing and continuous, uninvited and unwelcome race and color discrimination. The race and color discrimination is outlined in detail in Section I, and incorporated by reference as though fully stated herein.

C. Complainant made repeated reports/complaints of the race and color discrimination as alleged herein to Respondent, but the reports/complaints proved futile as the race and color discrimination continued in an uninterrupted manner until the date of Complainant's unlawful termination on January 3, 2007. The reports included, but were not limited to, the following:

1. In December of 2005 Complainant emailed Respondent Vice President George Irving and notified him that Respondent employee and Complainant's direct supervisor Brigitte Fink was acting in a discriminatory manner;

**ADDENDUM TO CHARGE OF DISCRIMINATION**
*Cynthia Clark v. U.S. Cellular*
**Page 5 of 5**

    2.    In December of 2006, Complainant emailed Respondent employee Mary O'Malley and notified her that Respondent employee and Complainant's direct supervisor Brigitte Fink told Complainant she would "get her back" for the report of discrimination made by one of Complainant's employees;

D.    Respondent took no action to stop, remediate, correct, prevent, mitigate, and/or otherwise appropriately address the ongoing and continuous race and color discrimination.

E.    On January 3, 2007, just one month after Complainant last reported/complained of the persistent, egregious, uninvited and unwelcome race and color discrimination, and two months after one of Complainant's employees reported/complained of the discrimination, Respondent unlawfully terminated Complainant because of the reports/complaints of racial discrimination.

F.    Respondent knew that its actions as alleged herein were in violation of federal and state law and Respondent knowingly and willfully violated federal and state law.

G.    Complainant suffered severe and egregious injury and damage as a direct and proximate result of Respondent's retaliatory treatment and termination of Complainant for reporting and opposing illegal race and color discrimination.